# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| **CASSANDRA ORTEGA, Individually** : | |
| **and as the parent, Guardian, and next** : | |
| **friend of ANTIONE ORTEGA,** : | |
| **deceased,** : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | Civil Action No. 5:00-cv-366-2(HL) |
| : | |
| **BIBB COUNTY SCHOOL DISTRICT,** : | |
| : | |
| Defendant. : | |

## JURY CHARGE

Members of the Jury:

I will now explain to you the rules of law that you must follow and apply in deciding this case.

When I have finished you will go to the jury room and begin your deliberations.

In deciding the case you must follow and apply all of the law as I explain it to you, whether you agree with that law or not; and you must not let your decision be influenced in any way by sympathy, or by prejudice, for or against anyone.

The fact that a governmental entity or agency is involved as a party must not affect your decision in any way. A governmental agency and all other persons stand equal before the law and must be dealt with as equals in a court of justice. When a governmental agency is involved, of course, it may act only through people as its employees; and, in general, a governmental agency is responsible under the law for any of the acts and statements of its employees that are made within the scope of their duties as employees of that governmental agency.

2

In your deliberations you should consider only the evidence – that is, the testimony of the witnesses and the exhibits I have admitted in the record – but as you consider the evidence, both direct and circumstantial, you may make deductions and reach conclusions which reason and common sense lead you to make. Direct evidence is the testimony of one who asserts actual knowledge of a fact, such as an eye witness. Circumstantial evidence is proof of a chain of facts and circumstances tending to prove, or disprove, an ultimate conclusion.

Remember that anything the lawyers say is not evidence in the case. And, except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your decision concerning the facts. It is your own recollection and interpretation of the evidence that controls.

3

Now, in saying that you must consider all of the evidence, I do not mean that you must accept all of the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part.

Also, the number of witnesses testifying concerning any particular dispute is not controlling. You may decide that the testimony of a smaller number of witnesses concerning any fact in dispute is more believable than the testimony of a larger number of witnesses to the contrary.

4

In deciding whether you believe or do not believe any witness I suggest that you ask yourself a few questions: Did the person impress you as one who was telling the truth? Did the witness have any particular reason not to tell the truth? Did the witness have a personal interest in the outcome of the case? Did the witness seem to have a good memory? Did the witness have the opportunity and ability to observe accurately the things he or she testified about? Did the witness appear to understand the questions clearly and answer them directly? Did the witness's testimony differ from other testimony or other evidence?

You should also ask yourself whether there was evidence tending to
prove that the witness testified falsely concerning some important fact; or,
whether there was evidence that at some other time the witness said or did
something, or failed to say or do something, which was different from the
testimony he or she gave before you during the trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people naturally tend to forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider whether that misstatement was simply an innocent lapse of memory or an intentional falsehood; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

When knowledge of a technical subject matter might be helpful to the jury, a person having special training or experience in that technical field - - one who is called an expert witness - - is permitted to state his or her opinion concerning those technical matters.

Merely because an expert witness has expressed an opinion, however, does not mean that you must accept that opinion. The same as with any other witness, it is up to you to decide whether to rely upon it.

Certain witnesses have testified in the trial of this matter by way of stenographic deposition. I charge you that the testimony of any such witness appearing by deposition should be considered by you the same as if that person were testifying live, in court. You should afford that testimony the same weight and credit as you would afford the testimony of any witness who appears in the courtroom to testify.

In this case it is the responsibility of the Plaintiff to prove all essential parts of her claims by a preponderance of the evidence. This is sometimes called the burden of proof or the burden of persuasion.

A preponderance of the evidence simply means an amount of evidence which is enough to persuade you that the Plaintiff's claims are more likely true than not true.

In deciding whether any fact has been proved by a preponderance of the evidence, you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish any essential part of Plaintiff's claims by a preponderance of the evidence, you should find for the Defendant as to that claim.

10

In this case, Cassandra Ortega, individually and as the parent, guardian and next friend of Antione Ortega, claims that the Defendant's actions served to violate Antione Ortega's rights under the Americans with Disabilities Act and the Rehabilitation Act.

Specifically, Cassandra Ortega claims that the Defendant, through the actions of its employees, intentionally discriminated against Antione Ortega because of his disability by excluding him from participation in or denying him the benefits of a free and appropriate public education.

With respect to Plaintiff's claims that Defendant violated the Rehabilitation Act, I charge you as follows.

The Rehabilitation Act provides that no otherwise qualified individual with a disability shall, solely by reason of his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance.

The term "program or activity" is defined to include all of the operations of a local educational agency or other school system.

To find for the Plaintiff under this section of the Rehabilitation Act, you must find (1) that Antione Ortega was disabled as defined by the Act; (2) that Antione Ortega was otherwise qualified to participate in school activities; (3) that the Bibb County School District receives federal financial assistance; and (4) that Antione Ortega was excluded from participating in, denied the benefits or services of, or subjected to discrimination by the Bibb County School District solely because of his disability.

With respect to Plaintiff's claims that Defendant violated the Americans with Disabilities Act, I charge you as follows.

The Americans with Disabilities Act provides that no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services programs or activities of a public entity, or be subjected to discrimination by an such entity.

The phrase "public entity" as used here refers to the Bibb County School District.

14

To find for the Plaintiff under this section of the Americans with Disabilities Act, you must find (1) that Antione Ortega was a qualified individual with a disability; (2) that Antione Ortega was excluded from participation in or otherwise discriminated against with regard to the services, programs or activities of the School District and; (3) that such exclusion or discrimination was by reason of Antione Ortega's disability.

For purposes of this case, the term "child with a disability" means a child experiencing developmental delays in one or more of the following areas: physical development; cognitive development; communication development; social or emotional development; or adaptive development; and who, by reason thereof, needs special education and related services.

The law requires that when a child with a disability is accepted into a special education program such as the one operated by the Bibb County School District at the Butler Early Childhood Center, the School District must provide what is known as related services to assist the child in benefitting from the educational services offered by the School District.

For purposes of this case, "related services" means school nurse services designed to enable a child with a disability to receive a free appropriate public education as described in the individualized education program of the child

17

One of the issues you must decide in this case is whether the care of Antione Ortega's tracheostomy tube was a related service as that term has been explained in this charge.

If you determine that the care of the tracheostomy was a related service that the Bibb County School District was required to provide, you must also decide if the Bibb County School District failed to provide that service and, if so, whether the failure to provide that service constituted intentional discrimination so as to deny Antione Ortega the benefits of the services of the Bibb County School System.

To award money damages under the provisions of the Rehabilitation Act and the Americans with Disabilities Act at issue here, you must find intentional discrimination on the part of the Bibb County School District.

In order to establish intentional discrimination Plaintiff must show that someone with authority to take corrective action had notice of Antione Ortega's condition and an opportunity to accommodate his special needs.
↓ Nad Notice

⁕ Plaintiff must also show that the person who had notice of Antione's condition was someone who was high enough within the chain of command within the School District so that his or her actions constituted an official decision by the School District. Plaintiff must also show that the person with authority to take corrective action failed to meet Antione Ortega's special needs and that the failure to do so was intentional.

20

Intentional discrimination against the disabled does not require a showing of animosity or ill will but rather may be inferred when a decision maker acts with at least deliberate indifference to the strong likelihood that a violation of federally protected rights will result. Evidence tending to demonstrate that a person with authority was deliberately indifferent to Antione Ortega's special needs may be sufficient to show intentional discrimination.

Intentional discrimination does not mean that the School District or its employees intended to bring about the death of Antione Ortega.

I further charge you that in order for Plaintiff to recover damages, she must show that the acts of Defendant proximately caused the injury to Antione Ortega.

Any injury or damage is proximately caused by an act or failure to act whenever it appears from the evidence that the act or failure to act played a substantial part in bringing about or actually causing the injury or damage, and that the injury or damage was either a direct result or a reasonably probable consequence of the act or omission.

Although the propriety of the actions (or failure to act) of the staff at the Butler Center on August 11, 1998, may be relevant to a determination of the proximate cause of the death of Antione Ortega, such actions (or failure to act) are relevant only to the extent that they may be evidence of intentional discrimination, or the absence of intentional discrimination, on the part of the Bibb County School District. In other words, even if you believe that the actions (or failure to act) of the Butler Center Staff on August 11, 1998, proximately caused the death of Antione Ortega, that would not authorize you to find for the Plaintiff unless you also find that such actions (or failure to act), were caused by the intentional discrimination of the Bibb County School District.

If you should find for the Plaintiff and against the Defendant as to Plaintiff's claims, you must then decide the issue of the Plaintiff's damages.

In considering the issue of the Plaintiff's damages, you are instructed that you should assess the amount you find to be justified by a preponderance of the evidence as full, just and reasonable compensation for all of the Plaintiff's damages, no more and no less. Compensatory damages are not allowed as a punishment and must not be imposed or increased to penalize the Defendant. Also, compensatory damages must not be based on speculation or guesswork because it is only actual damages that are recoverable.

24

Plaintiff seeks to recover for the value of the life of Antione Ortega. In that connection, I charge you that the value of Antione Ortega's life must be established by the enlightened conscience of an impartial jury as applied to the evidence in this case. This may include testimony as to Antione's age, life expectancy, precocity, health, mental and physical development, family circumstances, and from the experience and knowledge of human affairs that you, the jury, bring to this proceeding.

In determining how long someone would have lived, if the person had lived out a normal life, you may consider the person's normal life expectancy at the time of death. The mortality tables received in evidence may be considered in determining how long a person may have been expected to live. Such tables are not binding on you but may be considered together with other evidence in the case bearing on the decedent's health, age and physical condition, before the events leading to his death, in determining the probable length of the decedent's life.

The "full value of the life of Antione Ortega, as shown by the evidence" means the full value of the life of Antione Ortega without deducting for any of the necessary or personal expenses of the decedent had he lived.

The intangible element of the non-economic value of Antione Ortega's life is considered from the standpoint of Antione Ortega. In other words, Antione Ortega's loss of his relationship with his mother, Cassandra Ortega, and others and the associated factors such as society, advice, counsel and companionship with his mother and others are to be considered by you based on these relationships.

Any mental suffering, physical suffering or emotional upset of the Plaintiff Cassandra Ortega cannot be considered by you in awarding damages for the alleged wrongful death of Antione Ortega. It is not the injuries suffered by Ms. Ortega which support an award of damages, if any, in this case.

Of course, the fact that I have given you instructions concerning the issue of Plaintiff's damages should not be interpreted in any way as an indication that I believe that the Plaintiff should, or should not, prevail in this case.

In this case you have been permitted to take notes during the course of the trial, and some of you have taken advantage of that opportunity and have made notes from time to time.

You will have your notes available to you during your deliberations, but you should make use of them only as an aid to your memory. In other words, you should not give your notes any precedence over your independent recollection of the evidence or the lack of evidence; and neither should you be unduly influenced by the notes of other jurors.

I emphasize that notes are not entitled to any greater weight than the memory or impression of each juror as to what the testimony may have been.

Any verdict you reach in the jury room must be unanimous. In other words, to return a verdict you must all agree. Your deliberations will be secret; you will never have to explain your verdict to anyone.

It is your duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury. While you are discussing the case do not hesitate to re-examine your own opinion and change your mind if you become convinced that you were wrong. But do not give up your honest beliefs solely because the others think differently or merely to get the case over with.

Remember, that in a very real way you are judges - - judges of the facts. Your only interest is to seek the truth from the evidence in the case.

30

When you go to the jury room you should first select one of your members to act as your foreperson. The foreperson will preside over your deliberations and will speak for you here in court.

A form of verdict has been prepared for your convenience. You will take the verdict form to the jury room and when you have reached unanimous agreement you will have your foreperson fill in the verdict form, date and sign it, and then return to the courtroom.

If you should desire to communicate with me at any time, please write down your message or question and pass the note to the security officer who will bring it to my attention. I will then respond as promptly as possible, either in writing or by having you returned to the courtroom so that I can address you orally. I caution you, however, with regard to any message or question you might send, that you should not tell me your numerical division at the time.