# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| **CASSANDRA ORTEGA, Individually and as the parent, Guardian, and next friend of ANTIONE ORTEGA, deceased,** : : : : : | |
| Plaintiff, : | |
| vs. : | Civil Action No. 5:00-cv-366-2(HL) |
| **BIBB COUNTY SCHOOL DISTRICT, et al.,** : : | |
| Defendants. : | |

## ORDER

This matter is before the Court on Plaintiff's Motion to Set Aside Verdict and for New Trial (Doc. 91). After consideration of the briefs of the parties, the Court denies the Motion as more fully set forth below.

**I.   BACKGROUND**

Three-year-old Antione Ortega began school at the Butler Early Childhood Center (Butler Center) on August 10, 1998. The Butler Center is a pre-kindergarten facility serving special needs children. Antione, who was born prematurely, suffered various physical ailments which caused him to be developmentally delayed. When he entered school on August 10, 1998, Antione had a trachea tube which allowed him to breath. On August 11, 1998, while on the playground at the Butler Center, Antione's trachea tube became dislodged. School officials were unable to reinsert the tube. Antione died of asphyxia due

to the displacement of the trachea tube.

On August 9, 2000, Cassandra Ortega, individually and as the parent, guardian and next friend of Antione Ortega, filed a civil action in this Court against the Bibb County School District (School District), the Bibb County Board of Education, and various school officials and Board members. The complaint was brought in six counts and alleged claims under the Rehabilitation Act, the Americans With Disabilities Act (ADA), the Individuals with Disabilities in Education Act (IDEA), and 42 U.S.C. § 1983. She also brought state law claims for negligence and misrepresentation. After some discovery was conducted, Defendants moved for summary judgment.

After the Court ruled on Defendants' motion for summary judgment, only Plaintiff's claims under the Rehabilitation Act, the ADA, and the IDEA remained. The Court granted Defendants' motion for an interlocutory appeal as to the IDEA claim. The United States Court of Appeals for the Eleventh Circuit later accepted the interlocutory appeal and subsequently determined that summary judgment should have been granted to Defendants as to the IDEA claim. Thus, only the Rehabilitation Act and the ADA claims remained for determination by the jury. The case was presented to a jury beginning on May 8, 2006. At the conclusion of the trial, the jury returned a verdict for Defendants and judgment was entered on the verdict on May 12, 2006. On May 26, 2006, Plaintiff filed the Motion at issue here.

**II.   ANALYSIS**

Plaintiff has styled her Motion as one to set aside the verdict and for new trial.

Motions to set aside the verdict are not specifically contemplated in the Federal Rules of Civil Procedure. Therefore, the Court will treat the Motion solely as having been brought pursuant to Rule 59 of the Federal Rules of Civil Procedure. Under Rule 59, a trial court may grant a new trial by jury "for any of the reasons for which new trials have heretofore been granted in actions at law in the courts of the United States." Fed. R. Civ. P. 59(a). Here, Plaintiff contends that a new trial is warranted because of erroneous jury instructions.

Plaintiff presents three arguments in her Motion: First, Plaintiff contends the Court erroneously omitted definitions related to disability as those terms pertained to her claims under the ADA and the Rehab Act. Second, Plaintiff contends the Court erroneously charged the jury as to the showing Plaintiff was required to make to establish intentional discrimination under the ADA and the Rehab Act. Third, Plaintiff contends the Court erroneously omitted Plaintiff's requested charge detailing Defendants' affirmative obligation to make reasonable accommodations for Antione Ortega's disability. The Court will discuss each of these arguments separately.

1.  **Failure to Charge as to the Definition of Disability**

Although Plaintiff's IDEA claim was dismissed by order of the Eleventh Circuit, Plaintiff predicated her ADA and Rehab Act claims on Defendants failure to comply with their obligations under the IDEA. Thus, Plaintiff's outline of the case immediately before trial, as presented in the joint proposed pretrial order was as follows:

> Plaintiff contends that at the time of the events made the basis of this action, the defendants were, pursuant to the Individuals with Disabilities Education Act (IDEA) and/or the Americans with Disabilities Act (ADA) and/or the

3

>   Rehabilitation Act (Rehab Act), under an obligation to provide related services
>   to Antione Ortega. Without limitation, such services included the provision
>   of a school nurse or other trained person(s) capable of addressing the
>   circumstances surrounding the displacement of Antione Ortega's tracheostomy
>   tube.
>
>   No such person was available when, on August 11, 1998, Antione's
>   trach tube became dislodged while he was attending the Butler Early
>   Childhood Center, a unit of the Bibb County School District. As the direct and
>   proximate result of the failure of the Bibb County School District to have
>   qualified personnel available to care for Antione, he died from asphyxiation
>   cause[d by] the displacement of his trach tube and the failure of school
>   personnel to replace the tube.

(Pretrial Order at 4.[1]) As to the issues for determination by the jury, Plaintiff stated as follows: "The jury will be asked to determine if the acts and/or omissions of the defendants were in violation of the requirements of the above noted federal Acts and, if so, whether such violations were the direct proximate cause of the death of Antione Ortega." (Id. at 4-5.) Plaintiff presented evidence consistent with the foregoing theory of the case.[2]

Plaintiff also submitted jury charges consistent with the foregoing theory of the case. Plaintiff's Requested Jury Charge Number 12, filed on May 2, 2006, asked the Court to charge the jury that the school district had a duty to provide related services to Antione

---

[1] It appears that the Pre-Trial Order was not signed by the Court and made a part of the record in this case. Nevertheless, the Court relied on the positions of the parties contained therein in its decisions prior to and during the trial of the case. Therefore, the Court hereby directs that the Pre-Trial Order be made a part of the record. The Clerk is directed to docket the Pre-Trial Order as a separate numbered entry on the docket sheet.

[2] The theory of the case put forth by Plaintiff in the Pretrial Order was also consistent with the Court's understanding of the case. In an Order entered August 12, 2003, the Court stated as follows: "Plaintiff contends that actions or omissions of defendants Mike Van Wyck, Julianna Williams, and Lisa Garrett were in violation of IDEA's requirement that 'related services' be provided to Antione, thus constituting a violation of ADA and the Rehabilitation Act." (Order of 08/12/03 at 13.)

Ortega. (Plaintiff's Requested Jury Charges, doc. 78.) Requested Jury Charge Number 12 also asked the Court to charge the jury that the care of Antione Ortega's tracheostomy tube was a related service that required Defendants to ensure that there were qualified personnel available to address Antione Ortega's needs. (Id.) However, it was not until after the close of the evidence, after the Court had prepared a proposed charge which it presented to the parties for their consideration, that Plaintiff, for the first time, requested that the Court also charge the jury with the definition of disability set forth at 28 C.F.R. § 35.104.[3]

The charge prepared by the Court and presented to the parties at the close of the evidence charged the jury that Plaintiff contended that Defendants violated the rights of her son, Antione Ortega, under the ADA and the Rehab Act. (Jury Charge, doc. 86 at 11.) Consistent with Plaintiff's theory of the case, the charge also explained to the jury that it was Plaintiff's contention that Defendants discriminated against Antione Ortega because of his disability by excluding him from participation in or denying him the benefits of a free and appropriate public education. (Id.) The charge also informed the jury that the term "child with a disability" means a child experiencing developmental delays and who, by reason of those delays, needs special education and related services. (Id. at 16.) The charge also instructed the jury that it needed to decide whether the care of Antione Ortega's tracheostomy tube was a related service and, if so, whether Defendants' failure to provide

---

[3] At no time did Plaintiff ever submit a written request to charge to this effect. The parties filed written requests to charge as late as May 10, 2006, two days into the trial, and the Court accepted and considered these submissions.

5

that service constituted intentional discrimination. (Id. at 18.)

Plaintiff made no exception to the charge insofar as it addressed disability other than presenting her request that the jury be charged as to the definitions set forth at 28 C.F.R. § 35.104. When Plaintiff made her belated request for the Court to charge the definitions set forth at 28 C.F.R. § 35.104, the Court considered the matter and ultimately concluded that the charge was not demanded by the evidence. In this Motion, Plaintiff contends that the Court's failure to charge the definition of disability, "as found in the statutory or regulatory language of the ADA or Rehab Act" was error.[4] (Mot. at 5.) The Court, after further consideration of the matter, continues to be of the opinion that the requested charge was not demanded by the evidence.

The Court disagrees with Plaintiff's assertion that the charge, as given, "misstated Plaintiff's theory of the case." (Mot. at 7.) The Court is of the opinion that the charge it

---

[4] As noted, Plaintiff never submitted a written request to charge as to the issue which now forms the basis for her Motion. However, it was the Court's understanding, following the charge conference, that Plaintiff wanted the Court to incorporate the following language from § 35.104 into the charge:

> *Disability* means, with respect to an individual, a physical or mental impairment that substantially limits one or more of the major life activities of such individual; a record of such an impairment; or being regarded as having such an impairment.
>
> . . . .
>
> (2) The phrase *major life activities* means functions such as caring for one's self, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working.

28 C.F.R. § 35.104 (2006). The Court further understands Plaintiff's Motion as challenging the Court's failure to charge the jury as to the foregoing.

6

gave was consistent with Plaintiff's theory of the case and the evidence that was presented. The Court also disagrees with Plaintiff's assertion that the jury "was likely misled by the restricted definition of disability." (Mot. at 8.) In the Court's view, the CFR definitions that Plaintiff requested would have likely confused the jury. Accordingly, the Court declines to grant a new trial on the basis of Plaintiff's challenge to the charge to the jury related to the definition of disability.

### 2. Showing Required to Establish Intentional Discrimination

At the pretrial conference, the parties raised for the first time the question of what showing was required by Plaintiff in order for her to recover damages from Defendants under the ADA and the Rehab Act. The Court issued a lengthy order on the issue and, consistent with that order, proposed a charge that instructed the jury as follows:

> To award money damages under the provisions of the Rehabilitation Act and the Americans with Disabilities Act at issue here, you must find intentional discrimination on the part of the Bibb County School District.
>
> In order to establish intentional discrimination Plaintiff must show that someone with authority to take corrective action had notice of Antione Ortega's condition and an opportunity to accommodate his special needs.
>
> Plaintiff must also show that the person who had notice of Antione's condition was someone who was high enough within the chain of command within the School District so that his or her actions constituted an official decision by the School District. Plaintiff must also show that the person with authority to take corrective action failed to meet Antione Ortega's special needs and that the failure to do so was intentional.
>
> Intentional discrimination against the disabled does not require a showing of animosity or ill will but rather may be inferred when a decision maker acts with at least deliberate indifference to the strong likelihood that a violation of federally protected rights will result. Evidence tending to

7

> demonstrate that a person with authority was deliberately indifferent to Antione Ortega's special needs may be sufficient to show intentional discrimination.
>
> Intentional discrimination does not mean that the School District or its employees intended to bring about the death of Antione Ortega.

(Jury Charge, Doc. 86 at 19-21.) At the charge conference, Plaintiff objected to the charge, and in the present Motion takes issue with the showing that was required by Plaintiff in order to establish intentional discrimination under the relevant acts. The court has considered the arguments raised by Plaintiff in her Motion for New Trial but, for the reasons expressed in the Order entered May 5, 2006, continues to be of the opinion that the charge was appropriate in light of the law and consistent with the evidence presented at trial. Accordingly, the Motion for New Trial is denied insofar as it is based on the contention that the Court erroneously charged the jury as to the showing required to establish intentional discrimination.

### 3. Failure to Charge as to Defendants' Affirmative Obligation to Provide Reasonable Accommodations

Plaintiff contends a new trial is demanded because of the Court's failure to give the jury her requested charges 14 and 15. Requested Jury Charge Number 14 stated as follows:

> I charge you that under Title II of the Americans with Disabilities Act, actionable discrimination does not require an intentionally discriminatory act. Actionable discrimination may be the result of inaction, thoughtlessness or equal treatment when a particular accommodation is necessary. Acts may be discriminatory if their effect is to keep persons with disabilities from enjoying the benefits of services that, by law, must be available to them.

(Pl.'s Requested Jury Charges, Doc. 78.) Requested Jury Charge Number 15 stated as

follows:

> I charge you that the Bibb County School District is a public entity which is required to make reasonable modifications in policies, practices or procedures when modifications are necessary to avoid discrimination on the basis of disability, unless it can be demonstrated that making the modification would fundamentally alter the nature of the service, program or activity.

(Pl.'s Requested Jury Charges, Doc. 78.)

Plaintiff's argument is that the Court erred by only charging the jury as to intentional discrimination. According to Plaintiff, the Court should have also charged the jury that it could find discrimination if it found that Defendants failed to accommodate Antione Ortega's disability. The simple fact of the matter is, however, that Plaintiff never pressed her claim as one for failure to accommodate and the evidence that was presented did not warrant a charge on failure to accommodate. Thus, this Court disagrees with Plaintiff's contention that the charge "provided the jury with only a partial view of defendants' duties." (Mot. at 1.) To the contrary, the Court sought to avoid confusing the jury by declining to charge as to matters that were not supported by the evidence. For these reasons, the Motion for New Trial is denied insofar as it is based on the contention that the Court failed to charge the jury as to a theory of reasonable accommodation.

## III. CONCLUSION

Consistent with the foregoing, therefore, Plaintiff's Motion to Set Aside Verdict and for New Trial (Doc. 91) is denied. The Clerk is directed to docket the Pre-Trial Order as indicated in footnote 1 of this Order.

**SO ORDERED**, this the 7th day of December, 2006.

                                                  **s/   Hugh Lawson**
                                                  **HUGH LAWSON, Judge**

mls